DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Huron County Court of Common Pleas which found defendant-appellant, James L. Drennen, to be a sexual predator pursuant to R.C. 2950.09.
Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738. Counsel for appellant asserts that after having reviewed the entire record on appeal, he can find no issues for appellate review. Counsel for appellant has, however, consistent with Anders, set forth the following potential assignment of error:
 "The trial court erred in finding Appellant to be a Sexual Predator, on the basis of his admission to predator status, where such admission was not made knowingly, voluntarily and intelligently, and thereby violated his due process rights under the U.S. and Ohio Constitutions."
 Anders, supra and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
In his sole potential assignment of error, appellant questions whether his admission to sexual predator status was knowing, voluntary and intelligent and whether the trial court erred in finding him to be a sexual predator on the basis of that admission.
Appellant's potential assignment of error implies that the trial court was required to comply with Crim.R. 11(C)(2) in accepting appellant's admission to sexual predator status. A court, however, is only required to comply with Crim.R. 11(C)(2) in felony cases when it is accepting a plea of guilty or a plea of no contest. A sexual predator determination hearing is neither and the finding of sexual predator status "imposes no new affirmative disability or restraint." State v. Cook (1998),83 Ohio St.3d 404, 418. Accordingly, a trial court is not required to comply with the dictates of Crim.R. 11(C)(2) in accepting a defendant's admission that he is a sexual predator.
Assuming arguendo that a court is required to ascertain that a defendant's admission that he is a sexual predator is knowing, voluntary and intelligent, we find that the record in the present case does meet that standard. In accepting appellant's admission, the lower court informed him that he had the following rights: to have a hearing on the determination of his status as a sexual predator; to be represented by an attorney at that hearing; to cross-examine the evidence presented by the state; and to present evidence on his own behalf. The court further informed appellant that the court had to find by clear and convincing evidence that he should be classified as a sexual predator; that if the court were to determine that appellant should be classified as a sexual predator appellant would be required to register with the sheriff of the county of his residence within seven days of his release from prison; that appellant would be required to verify his address with the sheriff every ninety days for the rest of his life; that the sheriff would be required to notify neighbors, day care centers, schools and like institutions of appellant's presence; and that at least seven days prior to moving, appellant would be required to inform the sheriffs of the counties where he lives and where he is moving of his change of address. The court also informed appellant that it would be required to make certain findings by clear and convincing evidence pursuant to R.C. 2950.09
before finding that appellant was a sexual predator. Appellant indicated that he understood all of the information which the court provided to him and that he was willing to make a voluntary admission that he was in fact a sexual predator.
Based on this colloquy, we cannot say that the trial court erred in accepting appellant's admission or that the admission was anything other than knowing, voluntary and intelligent. We further find that the trial court complied with the dictates of R.C. 2950.09(C) in finding that clear and convincing evidence existed to support a finding that appellant is a sexual predator. Accordingly, appellant's potential assignment of error is not well-taken.
Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Richard W. Knepper, J., George M. Glasser, J., CONCUR.
 ____________________________ Mark L. Pietrykowski, P.J.
JUDGE
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.